and we'll hear from Mr. Allo in 19-3568. Thank you. This is Paul Allo, Contracting Allo. This is what I represent, the appellant. I apologize for my snafu on the phone. So this is sort of a new experience. So in this case, we represent the congregation Beth Joseph Zwi Dushinsk. We are a congregation. This case involved the foreclosure of a mortgage by a mortgage buyer on their synagogue. The underlying mortgage is a 25-year, $525,000 mortgage, which by its terms would have been completely due in 2028. There's two issues that we've raised on this appeal. One, whether the commencement of the previous foreclosure action in June 22, 2010 accelerated the note, and two, whether the June 22, 2017 letter served after that matter was dismissed was a proper notice to cure as required under paragraph 25A of the mortgage. So let me take the more, I think, important issue first, which is the statute of limitations. The law in New York is clear, and it's been so for the last 88 years, that the commencement of a mortgage foreclosure action affects an acceleration of the note. That dates back to a court of appeals case called Alberto Realty Co. versus Rosberg 258 New York 2nd 472, where the court of appeals says the unequivocal overt act of the plaintiff in filing the summons and verified complaint and list pendants constitutes a valid election. It discloses a choice of the plaintiff and constitutes notice to all third parties of such notice, and there are legions of New York cases where a mortgage foreclosure action accelerates the note. The law of New York is clear that a mortgagee could de-accelerate by clear notice, which is not something that happened here. So one of the things that we think happened below, and one of the confusions, is there's a difference between a note and a mortgage. A note can exist independently of a mortgage. A mortgage under New York law only exists to secure the note. It cannot exist independently. So you can have a mortgage that is invalid, but still have a note. You can sue on the note without suing to foreclose. In this case, if you read carefully, the note and the mortgage, they each have separate and independent acceleration clauses. So in paragraph A45 of the note, it just accelerates on the election of the lender, which is the typical language you find in many of these cases. But in the mortgage, and this is where I think this is central to this case, paragraph 25 has a provision that says that the whole of the principal sum and interest secured shall become due at the option of the mortgagee upon the default of any payment of installment or interest within 30 days of the date that the same comes due following notice to cure such default. So that's the notice that in the earlier action was not provided, is under the mortgage, not under the note. So one of the things in preparing for this and looking at the case law is there's actually a case from the Second Department, obviously most of this stuff comes out of state court because this is state court, from the Second Department decided on August 8th of this month called First National Mortgage Association v. POMA at 126 New York 3rd 383. And in that case, and I believe that case is really remarkably similar to this, there was a prior foreclosure action. The lender executes a notice of discontinuance due to inability to a new foreclosure action is commenced on in November of 2014 and the Second Department holds that that second action is time barred because the statute of limitations started to run when the first action was commenced. Even though it's not under the note, there's still a foreclosure of there's still an acceleration of the loan or the of the note, excuse me, not of the foreclosure. So obviously one of the issues that was concern of the district court was whether or not there was an inconsistency here or a judicial estoppel from the prior action. So I think it's important for the court to look at the state court record very carefully. Justice Wade, who issued the of the mortgage note. What she held was that a condition proceeding to the commencement of the foreclosure action had not been met. She held it and that's at 162. And when you read her decision, she points out and sort of a strange way this proceeded because originally there was a motion to this was commenced in 2010. There was a motion, there was competing motions, the court on a pre-trial motion held that they had never pled or pleaded this notice and it went to trial. And the trial only involved plaintiff trying to prove up their case. So they went to trial after this plaintiff had purchased the mortgage, which they bought, purchased it, and they went to trial without any proof that the notice was ever sent or when it was sent. And if you read Justice Wade's decision, she points out that plaintiffs concede they could not state what date the receptionist mailed the notice at default or circumstances of when it was sent. And she says, in addition, plaintiff did not call the receptionist as a witness to testify. And she points out that paragraph 25 required plaintiff to send the notice to cure prior to the commencement of the action. So one of the things that I think the district court got wrong and plaintiff gets wrong is there was never a finding or even an argument in the prior action that the note was not accelerated. The argument was that a condition proceeding to commencing a foreclosure was not meant. And if you read, again, if you read carefully, the note versus the mortgage, you will see that there is no precondition to accelerating the note, but there is a precondition to the mortgage. And that's because, obviously, New York law is very protective of foreclosure. One minute. Yeah. So I would just point out, even if there had been no acceleration in 2017, some of the claim that was here would be time notice goes back more than six years. Let me talk quickly about the lack of a notice to cure. Assuming that the alternative argument is that the notice, they're arguing that there's a June 22, 2017 letter, which is a proper notice to cure. It isn't. The June 27, 2017 does not demand a cure of unpaid things. It demands the whole of the mortgage dating all the way to 2028 when this would be there. So it's not a notice to cure. And interesting, although the defendant is accused of inconsistency, it's actually the plaintiff that's inconsistent. Because if you look at their own notice, they actually presume when they send that in 2017, that the whole of the note is already accelerated. Otherwise, their 2022-2017 notice makes no sense because they're arguing for independently are a basis for the district court error for both of these reasons, and there should be a reversal. And I just want to point out one last thing, that going to the essence of this, in this entire history, there's never any evidence of Deschinsky ever being given an opportunity to cure this default, which is the bargain for right under the mortgage. Thank you. Thank you. Judge Parker, do you have any questions for Attorney Allo? Yeah, I have a question. The $455,000 that was referenced in the in the document, what does that consist of? I think that consists of the principal accelerated to the end of the mortgage, all of it. That's part of our point, which is that they're not just arguing for, they're not just saying you've got to pay us for the missed installments. They're asking for the principal that would not be due for at that point of 2017, it would not be due over the next 11 years. So the $455,000 is principal plus missed installments, is that right? I think it's everything. I mean, it's basically treating the mortgage as though, or the note as though it had already been accelerated. So it's basically not seeking, that's our point, it's not seeking missed installments. It's not an error about the installments. It's treating the mortgage or the note as if it were already accelerated, because they're saying in order to cure, you have to pay all of the principal due under the note. So what they're asking for in the note is all the principal, all of the interest, and interestingly, they're asking for default interest back to 2011, which is an interesting indication, because 2011 would be six years before the letter was sent, so it's recognizing that there's a limitation issue. But clearly, the only way to read this 2017 letter is to treat it as though it had already been accelerated, which is not what a notice of cure is. Obviously, notice of cure is a precondition to acceleration of a mortgage, not of the note, of the mortgage. Thank you. Judge Park? Yeah, thanks. Could you explain, again, I'm having a hard time reconciling the position that the notice was sufficient to accelerate the entire payment due such that it takes it out of limitations, but it wasn't sufficient to constitute a notice to cure under the contract. It seems kind of like you're trying to have it both ways, and I'm just having a hard time reconciling the two. Yeah, so I think what needs to understand is that the note could be accelerated while the mortgage might not be. So what we're saying is that the prior foreclosure action effectuated an acceleration of the note, but it didn't accelerate an acceleration of the mortgage. So what we're saying is that in 2017, when they send this notice, does that constitute an acceleration of the mortgage? And what we're saying is it does not because it purports, right, it treats the mortgage as if it's already accelerated, and obviously the mortgage is not accelerated. That's the point of the notice default, and that's the purpose of that clause, paragraph 25, which is that it clearly says that it becomes due on this 30-day to cure such default. So how could one be accelerated but not the other? Don't they move in parallel? Well, no, because they actually exist independently of one another. If they had sued on the note, for example, then they wouldn't have this problem. They have a separate requirement for the mortgage. So there's all kinds of additional covenants and requirements in the mortgage, and this is something that was bargained for in the mortgage as a condition for foreclosure. It would not have been a condition to sue on the note. So they are separate, and I think that goes to the essence of the way I see this, which is the mortgage and the note are separate instruments. They're separate obligations. They are separate remedies, and you could, in fact, you could accelerate a mortgage, I mean a note, without accelerating the mortgage, just like you could have a mortgage that failed. I've got a case in here where, I've got to find it, where the mortgage failed because it wasn't approved by the Secretary of State because it was a religious organization, but the note action did not fail. So it is entirely possible and consistent with on the, to enforce the note. They're separate and distinct. Again, you can't have a mortgage, you can't have a mortgage without a note, but you can have a note without a mortgage, and you can accelerate a note without accelerating the mortgage. Thank you. All right. Let's hear from Mr. Weiss. Thank you, Your Honor. I may have pleased the court, and thank you for accommodating parties remotely during these times. I simply want to highlight a few things. First and foremost, what you didn't hear from the congregation, that's a dispute that it hasn't made a single payment in 11 years. I think that's significant. Rather, the congregation is arguing that the debt was accelerated by the commencement of the state court foreclosure action, and therefore this action's time barred. But that argument flies in the face of their own argument, and Chief Judge Irizarry properly determined there are a stop from arguing the loan was accelerated in 2010. So if you look at the record page 149, the following is a quote from their closing argument, where mortgage contains a provision required that the mortgagee provide the mortgagor with notice prior to accelerating the loan. Compliance with that requirement is a condition proceeding to commencement of a foreclosure action. He continues that that alone, on that alone, the defendant rests. Record page 144, congregation's post-trial brief, plaintiff has failed to show that there was compliance with the condition proceeding contained in the mortgage. Even more, and this is absolutely critical, in the record page 193, again the congregation's own words, it was determined by the presiding judge, and we're talking about the state court judge, that the entire principle was never due, as Sam never satisfied the condition proceeding to acceleration. And here's the critical point. Accordingly, the entire loan amount was never accelerated at any time prior to June 22, 2015. But now they want you to find that it was. It can hardly be said that having reviewed the congregation's submissions to state court, contrasted with their completely opposite arguments now, that Chief Judge Irizarry's determination that a congregation is a stop from asserting their defenses that they do now, by the doctrines of collateral and judicial estoppel, were clearly erroneous, or worse as it pertains to judicial estoppel and abuse of discretion. These are extremely high standards that the congregation simply hasn't satisfied. Quickly regarding their argument that the notice to cure is defective because it demands the entire sum and not an installment payment, as we indicated in our brief, that was never raised below. They only disputed the amount of the default. That's crystal clear from their declarations. If you look at the record pages 193, 194, it challenges the amount of the principle and the amount of the attorney's fees, not the type of default. But even if that number is inaccurate, the case law is clear that that number doesn't have to be perfect, and it's not determinative of whether or not the notice to cure is defective or not. And Judge Irizarry referred this matter to a referee where they'll have an opportunity to contest the default. And so I don't think that's inaccurate. And lastly, with respect to their briefing on this point, each and every one of their cases cited to a residential loan and not a commercial loan. And lastly, with respect to the separation between the note and the mortgage the counsel was referring to earlier, neither Commonwealth nor any of the cases they cite stand for the proposition that the filing of a summons and complaint serve to accelerate the debt and the note. Rather, they all state that the commencement of a foreclosure accelerates only the mortgage if the underlying documents are silent as to acceleration, which ours are not. So it was entirely unnecessary to serve a deacceleration notice regarding the note because that was never accelerated. That's not what those cases say. Commonwealth held that the note and the mortgage are separate instruments to avoid the inequitable result that would follow if the plaintiff was unable to sue on the note where the mortgage was declared a nullity, which is exactly what happened in the case that counsel decided a few minutes ago. It did not hold that, as the congregation suggests, that the commencement of a foreclosure action accelerates a note that has to be decelerated to stop the statute of limitations from running. And that's actually illustrated if you look at the 53rd Street LLC case that the congregation cites, which by the way, too, is a residential loan. It states to stop the statute of limitations, the mortgagee may revoke its decision to accelerate. The critical language here is the mortgagee. They're not talking about the note holder. They're talking about the mortgage. So the argument that the note is separate and apart from the mortgage and the note is accelerated by the commencement of the state court foreclosure action is simply not true. At bottom, the congregation is bound by the arguments they previously made. They confirmed that Chief Judge Irizarry was right to reject their defenses and that decision should not be disturbed. The congregation cannot be allowed to continue to avoid its contractual obligations after 11 years of this litigation. I'm happy to answer any questions. All right. Judge Parker, any questions? No, thank you. Judge Park. I'm, I guess, still struggling here with the note mortgage distinction. And maybe you can help me with this. Your friend cited the case from a few weeks ago, which I think you just mentioned, but I was wondering if you could explain that a little bit more, why that's different from the situation here. Because in those cases, the mortgage was declared invalid and it would be inequitable to allow a borrower to simply skate free. And in those cases, they did, again, they did not hold that the note is accelerated by the commencement. And even congregation agrees because they argue in their papers, the entire loan was never accelerated at any time prior to June 22nd, 2017. So I think it was you that was saying earlier that you can't separate the two. They're one in the same because they're executed at the same time and they're both regarding the same debt and the same property. So the fact that the note doesn't expressly contain an acceleration clause doesn't mean it's accelerated alongside the mortgage. And here we have a judicial determination that the mortgage was not accelerated in 2010. In fact, the congregation agrees by their own language. And so I don't think you can separate the two. Okay. So if that's right for the it would be month by month. And does that mean the starting point is the 2017 notice? June 2017? It's six years prior to June 27, 2017. Yeah. I'm sorry. Backwards. Yeah. Correct. Okay. Correct. So there will be some payments that my client's going to have to forego. And with that calculation, would that be an issue for the referee to sort out? Absolutely. Absolutely. With input from both parties. Okay. Thank you. Thank you. So first of all, let me go back to the Palmer case because that is not a case where the mortgage was determined to be invalid. That is a case where there were preconditions to the mortgage and that's why they discontinued. And the second department still held that the earlier action effectuated an acceleration. So thankfully, I think that case actually proves my point. The quotes that are being made to my predecessor counsel were all that the mortgage was not accelerated. I read that record and I think it's worth reading the record very carefully because neither the judge nor counsel says, you know, you can use the word loan a few places, which is so there's never an argument made that the note is not accelerated. And that's not what Justice Wade held. Justice Wade held that a precondition to foreclosure was not met. She did not say that the mortgage, that the loan, excuse me, the note was not accelerated. That's exactly what the I think that answers that. In terms of never paying the mortgage, it's quite interesting that they didn't elect to send a notice either back in 2012 when they had an earlier decision saying, hey, you know, you didn't improve this notice. They didn't send it then. And after this plaintiff bought the note and proceeded to sue on it, they didn't seek it there. In all of these years, there was never, okay, you missed these are the installments you missed. You got to make them up or we're going to seek to foreclose. This notice doesn't do it. There's no earlier notice that doesn't do it. And obviously if you're asking a religious group that pass around a hat and save their synagogue, they have a reasonable right to know that if they pay this money, they're going to save the synagogue. And that's the right that was never given to them by either this mortgage, this purchaser of the mortgage or the previous mortgage purchaser. They just proceeded never to give them the bargain for right under the mortgage to get this notice secured. Again, no bargain for right under the note. They could have sued under the note. That's not what they chose to do. Okay. Any other questions for counsel? No, thank you. No, thanks. All right. We'll reserve decision. We thank you both very much. Thank you.